No. 19,170.

SAMUEL PLUMMER, *Appellee,* v. BUELL SCOTT and JOHN SCOTT, *Appellants.*

### SYLLABUS BY THE COURT.

SALE OF SCHOOL LANDS—*Default of Purchaser—Sold for Taxes—Right of Purchaser to Redeem Adjudicated in a Former Action—Mandamus.* The proceedings in an action of mandamus brought by the plaintiff, the holder of a certificate of purchase of school land, against the' county treasurer to compel the treasurer to accept tenders of money to redeem the land from taxes and to pay installments of in- terest in default, examined, and held that a certain issue tendered by the petition and accepted by the answer was material and was adjudi- cated, and that the adjudication is conclusive on the rights of the parties to the present suit.

Appeal from Stanton district court; GEORGE J. DOWNER, judge. Opinion filed October 9, 1915. Affirmed.

*John Harper,* of Cimarron, *Albert Watkins,* and *Arthur C. Scates,* both of Dodge City, for the appellants.

*George Getty,* of Syracuse, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by Plummer, as the holder of a certificate of purchase of school land, to enforce his rights against John Scott, grantee of Buell Scott to whom a patent for the land was issued. The plaintiff recovered and the defendants appeal.

The plaintiff purchased the land and received his certificate on August 16, 1905. Under peculiar circumstances, which

Plummer v. Scott.

are not now material, the records indicated that interest on the school-land contract and taxes on the land were not paid for the years 1910 and 1911. In August, 1910, the board of county commissioners adopted the resolution relating to the purchase of land sold at tax sale authorized by chapter 162 of the Laws of 1891. At the tax sale of September, 1911, the land was sold to the county. On June 22, 1912, the board of county commissioners undertook to revoke the resolution of August, 1910, so far as it related to school land, and on the same day assigned the tax-sale certificate to Buell Scott, who made the payments and gave the bond required in such cases. On September 3, 1912, the plaintiff commenced an action against the county treasurer to compel him to issue to the plaintiff a tax-redemption certificate and a receipt for the payment of interest on the school-land contract. Tenders of interest on June 22, 1912, of taxes on July 22, 1912, and of both interest and taxes on August 30, 1912, were pleaded. Actual payment of both taxes and interest, so that there had in fact never been any default, were also pleaded. The attempted revocation by the board of county commissioners of its resolution of August, 1910, and the assignment of the tax-sale certificate to Buell Scott were specifically assailed as unauthorized and void. The issues tendered by the petition were accepted in the answer, and it was expressly alleged that the action of the board of county commissioners constituted Buell Scott the owner of the land. The journal entry of judgment reads as follows:

"Thereupon this cause comes regularly on for hearing and trial upon the pleadings filed in this action. Whereupon it was agreed and admitted in open court by P. H. Loomis, attorney for defendant, that a proper tender had been made to the defendant as alleged in plaintiff's petition in a sum or sums sufficient to pay all taxes, interest and penalties then due the office of said treasurer of said county on the land described in said petition under said certificates of sale.

"It was stipulated and agreed in open court on said 5th day of September, 1912, that the said plaintiff and defendant by their respective attorneys should submit to this court an agreed statement of facts. Whereupon this cause of action was continued.

"And afterwards, on the 5th day of December, 1912, the same being a day of the regular December term of said court for said year, this cause comes regularly on for final hearing and determination. The court further finds that the parties hereto had failed to file or present

said agreed statement of facts, and thereupon said order, as herein-before made with reference to said agreed statement of facts, is set aside.

"Thereupon the court finds that the material allegations alleged in plaintiff's petition are true; and the court further finds for the plaintiff generally and against the defendant, and it is ordered and adjudged that the petition for the peremptory writ of mandamus be allowed. It is further ordered and adjudged that a peremptory writ issue to the defendant, J. B. Reynolds, as treasurer of Stanton county, state of Kansas, commanding him to issue to the plaintiff on the payment of a sufficient sum of money to pay all interest, taxes and penalties due on said land proper receipts for the payment of said interest with penalties thereon due the state of Kansas on the real estate described, as prayed in plaintiff's petition, and further commanding him to issue to plaintiff proper tax redemption receipts for the payment of said taxes together with all penalties due thereon as prayed in said petition, and to issue the same to plaintiff at once, on the payment of a sum sufficient to cover all interest, penalties and costs."

The plaintiff did not immediately make the payments neces-sary to clear his title to the land, and on May 20, 1913, Buell Scott paid the treasurer the entire sum called for by the school-land contract. On June 16 a patent was issued to him, and on July 30 this suit was commenced.

The petition in the present case pleaded substantially the same facts contained in the former petition. Besides this, the judgment in the former suit was pleaded as an adjudication of the illegality of the conduct of the board of county commis-sioners in which the title of the defendants originated. The defendants denied the averments of the petition, denied spe-cifically the adjudication pleaded, and claimed the patent for the land was regularly obtained and was valid. There was no evidence outside the record of the cause to show that the mat-ters claimed to have been adjudicated in the former action were not there determined. At the conclusion of the trial the fol-lowing judgment was entered:

"And the court, being fully advised in the premises, and upon due con-sideration and deliberation, finds that the tax proceedings pursuant to which the defendant, Buell Scott, secured the school land patent of the land in controversy, to-wit: Section Sixteen (16), Township Twenty-eight (28) Range Forty (40) west of the 6th P. M., and introduced in evidence by the defendants, were insufficient, invalid and void for the reasons stated in plaintiff's amended petition; that the defendant, John Scott, is the holder of the legal title to the said land for the benefit of

Plummer v. Scott.

plaintiff; that said defendant, Buell Scott, in and about the procurement of said patent, paid principal, interest and taxes on said land as follows:

June 22, 1912, taxes of 1910 and 1911 with interest thereon to
. that date ............................................. $47.48
June 22, 1912, Interest due the State School fund on certificate
of purchase ........................................ $103.68
May 21, 1913, Interest and balance of principal due the State
School fund ........................................ 955.44
May 29, 1913, taxes of 1912 .............................. 24.72

"And further that plaintiff is entitled to a deed of conveyance of the legal title of said land from said defendant, John Scott, and his wife, upon payment of the aforesaid several sums of money, with interest thereon, and within the time, as hereinafter stated; that plaintiff should have further judgment against said defendants for the costs of this action, taxed at $......, and that execution issue therefor.

"It is, therefore, considered, ordered and adjudged by the court," etc.

It is said that none but the material issues were adjudicated in the former suit and that the issue regarding the validity of the action of the board of county commissioners and the validity of the assignment of the tax-sale certificate to Buell Scott was not material. The issue was material and was adjudicated.

The plaintiff rested under distinct duties to the state having separate origins. He was under a contract obligation to pay interest on his school-land purchase. As a landowner he was obligated to pay taxes. Having defaulted in the payment of taxes he could redeem by paying a sum equal to the cost of redemption computed in the usual way, and a tender of that sum would protect his rights. He could take care of the interest on the school-land purchase at any time before forfeiture and receive a receipt for his payment. The contention of the treasurer was that the plaintiff was a stranger to the land, which belonged to Buell Scott. If the action of the board of county commissioners were valid and Scott were the holder of a valid tax-sale certificate of the land the plaintiff could not redeem from the tax sale by paying the cost of redemption, and a tender of taxes alone, such as he had alleged, amounted to nothing. Besides paying into the treasury a sum equal to the cost of redemption he was obliged to pay to the treasurer for the use of Buell Scott all installments of interest on the school-land contract which Scott had paid. (Gen. Stat. 1909, § 7669.) The plaintiff distinctly disputed the need to pay anything into the treasury for the benefit of Buell Scott. He claimed the right to receive an ordinary redemption receipt showing he

had redeemed his land from taxes, and he claimed the right to receive credit in the usual way for payments of interest due according to the terms of his school-land contract. He could not maintain these rights without impeaching the action of the board of county commissioners and the tax-sale certificate assigned to Scott. That the issue was determined is demonstrated by the terms of the judgment itself, which provided for separate receipts for interest and for taxes. Indeed it is quite manifest from the record that the real issue tendered, accepted and decided was not simply whether or not the treasurer should take the plaintiff's money, but whether or not Buell Scott had crossed the relations of the plaintiff with the state in such a way as to vest in him rights to the land which required recognition.

That the defendants are concluded by the former adjudication is not disputed. The judgment in mandamus established the plaintiff's relation to the state, the owner of the land, and placed limitations upon the power of the state's receiving agent, the county treasurer, which rendered the receipt of Scott's payment nugatory.

The present judgment recites that the tax proceedings upon which the patent was based were void for the reasons stated in the plaintiff's petition. One of the reasons was that the tax proceedings had been adjudged to be void. If the court passed independently on the validity of the tax proceedings by interpreting the statutes relating to the power of the board of county commissioners and did not in fact rest its judgment on the former adjudication, the result is the same even if its interpretation of the statute be wrong. If the cause were to be returned to the district court the former adjudication would entitle the plaintiff to judgment.

It is said the plaintiff was guilty of laches in making the payments and taking out the receipts contemplated by the former judgment. If so the state might have complained but the Scotts have no standing to do so.

The judgment of the district court is affirmed.